**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 5:17-CR-240** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **JAMES PEARL, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

On June 21, 2017, the Grand Jury indicted James Pearl, Doreen Pearl, and Shuang "Lucia" Liu (aka "Gloria") on violations of 18 U.S.C. § 371 (Conspiracy to Defraud the United States of America), 18 U.S.C. §§ 542 and 2 (Entry of Goods by Means of False Statements), and 18 U.S.C. §§ 545 and 2 (Smuggling Goods into the United States). Doc #: 6. On December 15, 2017, Defendants Doreen and James Pearl (the "Pearl Defendants") filed six motions with the Court. Four of those motions are currently before the Court[1]: (1) Motion for Bill of Particulars,

---

[1]The Court has asked the Government to submit sur-replies to the two remaining motions. The Court will address those motions after they have been fully briefed.

Doc #: 38; (2) Joint Motion for a Pretrial Copy of the Grand Jury Proceedings, Doc #: 40; (3) Joint Motion to Dismiss Indictment Based on Unconstitutional Vagueness and the Rule of Lenity, Doc #: 42; and (6) Joint Motion to Dismiss Count 1 of the Indictment as Barred by the Statute of Limitations, Doc #: 43. The Government filed its Responses on January 5, 2018. *See* Doc #: 47, 49, 51, and 52. The Pearl Defendants filed their Replies on January 12, 2018. *See* Doc #: 56, 58, 60, and 61. For the reasons stated below, the Court **DENIES** all motions.

I.   **Motion for Bill of Particulars**

The Pearl Defendants request, through a bill of particulars: (1) the identity of unindicted co-conspirators; (2) specifics of alleged false statements in the Indictment; and (3) additional information on the Government's theory of prosecution. Mot. 1. A bill of particulars "is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). The decision to order a bill of particulars is within the sound discretion of the trial court. *Id.* However, a bill of particulars is not properly issued to discover any of the Pearl Defendants' requests. First, the Government is not required to provide the names of other co-conspirators in a bill of particulars. *United States v. Mayberry*, 3:12cr72, 2012 WL 4343159, *1 (S.D. Ohio Sept. 21, 2012). Second, a defendant cannot use a bill of particulars to compel the Government to disclose how it will prove the charges or preview its legal theory. *United States v. Ingram*, 5:15cr78, 2016 WL 1239976, *2 (E.D. Ky. Mar. 29, 2016). Last, the Government does not have to disclose which particular statements were allegedly false. *United States v. Moyer*, 674 F.3d 192, 203 (3d Cir. 2012).

The Pearl Defendants argue in their Reply that courts grant motions for bills of particulars

where discovery is extensive and the indictments are vague. Reply 4. But in the cases cited by the Pearl Defendants, the indictments did not include dates, amounts, or any other information that the defendants could use to identify the conduct the Government was challenging. *See, e.g., United States v. Nachamie*, 91 F. Supp 2d 565, 571 (S.D.N.Y. 2001). Here, the Government lists the dates, entry numbers, the amount of tax not paid, and other information to aid the Pearl Defendants in identifying which invoices the Government believes contain false statements. *See* Indictment § 79. Thus, the Pearl Defendants have failed to show that a bill of particulars is necessary to prepare a defense. Accordingly, the Court cannot grant the Pearl Defendants' Motion for Bill of Particulars.

## II.     Joint Motion for a Pretrial Copy of the Grand Jury Proceedings

The Pearl Defendants filed a motion to obtain a pretrial copy of the grand jury proceedings. A defendant seeking pretrial disclosure of grand jury testimony under Rule 6(e), as the Pearl Defendants do here, must demonstrate a "particularized need" for the material. *United States v. Azad*, 809 F.2d 291, 295 (6th Cir. 1986). The Pearl Defendants argue that they have shown a particularized need to obtain the grand jury transcript because it would likely show that "the Government failed to apprise the Grand Jury of materially exculpatory information that would have negated probable cause for the alleged crimes[.]" Mot. 3. However, "the government has no duty to provide potentially exculpatory evidence to the grand jury." *Martin v. Maurer*, 581 F. App'x 509, 511 (6th Cir. 2014) (citing *United States v. Angel*, 355 F.3d 462, 475 (6th Cir. 2004)). So, the Pearl Defendants have not articulated a particularized need and the

Court cannot grant their motion.[2]

### III. Joint Motion to Dismiss Indictment Based on Unconstitutional Vagueness and the Rule of Lenity

The Pearl Defendants argue that the Department of Commerce's Anti-Dumping Order is unconstitutionally vague as applied to them and violates the rule of lenity. Mot. 1. A criminal statute is unconstitutionally vague if it "defines an offense in such a way that ordinary people cannot understand what is prohibited or if it encourages arbitrary or discriminatory enforcement." *United States v. Kernell*, 667 F.3d 746, 750 (6th Cir. 2012) (quotation omitted). A defendant bears the burden of establishing that a criminal statute is vague as applied to his particular case. *United States v. Krumrei*, 258 F.3d 535, 537 (6th Cir. 2001). The Pearl Defendants do not allege that the Anti-Dumping Order is vague itself but rather that they received inconsistent guidance from federal agents as to how it would be enforced. Mot. 5. Thus, they are really arguing that the public authority defense applies to their case, not that the regulation is unconstitutionally vague. Whether the public authority defense applies is a question for the jury to decide.

Additionally, the rule of lenity requires ambiguous criminal laws to be interpreted in favor of defendants. *United States v. Santos*, 553 U.S. 507, 514 (2008). The Pearl Defendants again fail to explain why the Anti-Dumping Order is ambiguous and rely solely on the public authority defense. Accordingly, the Court must deny their motion.[3]

---

[2]In their Reply, the Pearl Defendants additionally argue that the Government or its witnesses made false or misleading statements to the grand jury. However, the Court declines to consider new arguments made in a reply brief. *United States v. Owens*, 458 F. App'x 444, 446 (6th Cir. 2012).

[3]They also argue in their Reply that the term "exporter" is not defined by the Anti-Dumping Order or any related statutes or regulations. Thus, they argue that these statutes and regulations are unconstitutionally vague. Reply 3-4. As mentioned in § II above, the Court declines to

IV. **Joint Motion to Dismiss Count 1 of the Indictment as Barred by the Statute of Limitations**

The Pearl Defendants also argue that Count 1 should be dismissed as barred by the statute of limitations because the Government failed to allege any "overt act" that occurred after June 21, 2017. Mot. 1. They assert that many of the overt acts alleged by the Government are really acts of concealment and thus cannot be considered for computing the limitations period. *Id.* Although the Pearl Defendants are correct that concealment is generally insufficient to extend a conspiracy, the Court concludes that this question is ultimately a question of fact for the jury.

"The statute of limitations period for a violation of Section 371 'is five years, which period runs from the date of the commission of the last overt act in furtherance of the conspiracy.'" *United States v. Fraser*, 63 F. App'x. 814, 817 (6th Cir. 2003) (quoting *United States v. Craft*, 105 F.3d 1123, 1127 (6th Cir. 1997)). Acts of concealment taken by conspirators to cover up an already-accomplished crime are not overt acts. *Grunewald v. United States*, 353 U.S. 391, 414 (1957). "But a vital distinction must be made between acts of concealment done in furtherance of the main criminal objectives of the conspiracy, and acts of concealment done after these central objectives have been attained, for the purpose only of covering up after the crime." *Id.* at 405. "Before trial, the Court does not make the determination of whether the alleged overt act is in furtherance of the central objective or mere concealment; that is a question of fact for the jury." *United States v. Nazzal*, No. 11-20759, 2012 WL 4838996, *3 (E.D. Mich. Oct. 11, 2012).

The Pearl Defendants were charged with conspiring to defraud the United States.

---

consider new arguments made in a reply brief.

Indictment, Count 1. They maintain that the main objective of the conspiracy, defrauding the United States, was completed once the Pearls paid lower duty amounts on imported tires and those tires were subsequently sold. Mot. 5. The Pearl Defendants argue that all overt acts alleged by the Government occurring within the statute of limitations period were acts of concealment taken after the main object of the conspiracy was attained. *Id.* They further argue that determining whether the statute of limitations has run is a question of law that the Court should decide before trial. Reply 4-5. However, the Pearl Defendants are necessarily asking the Court to make a factual determination: that an overt act did not occur within the statute of limitations period. To do so, the Court has to find that the Pearl Defendants' acts were concealment for purposes of cover-up, as opposed to overt acts in furtherance of the conspiracy. At this stage, the Court declines to make that factual determination. Accordingly, the Court denies the Pearl Defendants' motion.

## V. Conclusion

For the foregoing reasons, the Court **DENIES** the Pearl Defendants' motions.

**IT IS SO ORDERED.**

>  */s/ Dan A. Polster Jan. 18, 2018*
>  **DAN AARON POLSTER**
>  **UNITED STATES DISTRICT JUDGE**